Good afternoon, Your Honors. May it please the Court. I am Raul Villasuso, Counsel for Nikolay Zyapkov at Bulgarian National in Immigration Removal Proceedings. 8 U.S.C. 1252 allows the Court of Appeals, the Court of Appeals limits jurisdiction to direct review of final orders of removal. The instant matter is indeed a direct review of such an order. The question in this case is what process in admitting and considering evidence is due for a fair hearing? The answer is to ensure enough to ensure a fair and reliable result. Mr. Zyapkov is the beneficiary of an approved I-130 immigrant visa petition filed by his U.S. citizen daughter. Mr. Zyapkov is statutorily eligible for adjustment of status as a lawful permanent resident because of a visa petition being approved and currently was available during the hearing in a category of family relationship through his daughter and he has no criminal record that would otherwise bar him for any relief. This case has a mix of issues including an allegation of marriage fraud and the adjustment of status based upon an unrelated category and relationship between a father who entered the United States with a tourist visa and overstayed his visa and filed a visa petition through his U.S. citizen daughter. This case also has issues of when an immigrant visa can be approved where there may be an issue of marriage fraud. But most importantly, the issues of eligibility and timing are moot since the immigration judge ultimately acknowledged the proper jurisdiction and prima facie eligibility for adjustment of status, the relief sought, and no objection or appeal by any party for any issues were made. Consequently, the issues before this court today is simply whether the immigration judge erred in failing to provide a fair hearing and for the proper adjudication of Mr. Ziapagos' application for adjustment of status to lawful permanent residents as a matter of law through his U.S. citizen daughter. Afterwards, the court may determine if discretion was properly applied based on evidence gathered in a presumably fair manner in a presumably fair hearing. But in this manner, the immigration judge failed to adequately determine whether evidence presented in court by the DHS was probative and used in a fundamentally fair manner. In fact, the immigration judge acknowledged Mr. Ziapagos' request and need for personal testimony of an alleged investigator's alleged findings in the instant case and demanded DHS to present the alleged investigator to court for examination. Unfortunately, no such production was made at the following court hearing or any hearing thereafter, and the immigration judge ultimately proceeded without the alleged investigator's presence, resulting in a failure to provide a fair hearing for Mr. Ziapagos, and thereafter entering an order of removal. Mr. Ziapagos and his wife have always contested the unsubstantiated claim of marriage fraud alleged by the DHS or CIS, and he and his wife have always cooperated and have always presented themselves for extensive interview and investigation. Also, they have never wavered on the issue of the validity of their marriage and have always maintained a bona fide marital relationship. Regardless, the immigration judge considered eligibility for adjustment of status based upon the approved and valid immigrant visa petition filed by Mr. Ziapagos' daughter. The judge found that he otherwise satisfied all of the necessary forms and supporting documents for such an adjustment of status application. Nonetheless, the immigration judge erroneously concluded that a denial based on the judge's discretion was warranted based mainly on the alleged findings of an alleged investigator who allegedly spoke with an alleged neighbor and determined marriage fraud existed. Our claim does not rest on whether an abuse of discretion was committed by the immigration judge, which may have actually occurred in improperly weighing favorable and unfavorable factors. Rather, our claim rests upon the fundamentally unfair and unchecked use of the government's evidence and the significant role it played in shaping the immigration judge's opinion without proper examination. Are you saying that the daughter's petition, while I guess it was appropriate, filed, but the judge discarded that because of what he had determined was a sham marriage? Correct, Judge. And the questions that come up with the marriage is that he's apparently a long-haul truck driver? Yes, Judge. And is gone a lot of the time? Yes, Judge. And then there's some question about a woman that was staying there? Yes, Judge. And as best I can discern, she claimed it wasn't a lesbian relationship. It was rather just somebody who was friendly but was there all the time when he got home. Yes, and it was the testimony of the wife in court that confirmed that, Judge. Well, obviously it's pretty confusing. Who did he work for? Judge, he did work for a trucking company, but again I don't believe that the focus needed to be on the marriage because the visa petition was already approved. The Act provides for the prevention of an I-130 visa petition being approved if there is a previous finding of marriage fraud. In this case, the I-130 visa petition was approved based upon a separate person, a U.S. citizen daughter on a separate category. But the problem is that the judge did not give a proper opportunity to present any evidence against, I'm sorry, present testimony or cross-examination of the alleged investigator that concluded that there was marriage fraud and therefore shaped the immigration judge's decision that there was marriage fraud. In fact, in the transcript, the immigration judge commented and directed the DHS to present the investigator at the following hearing. In fact, no investigator actually appeared. The excuse for that was that the DHS claimed that there was enough evidence and the report was sufficient and that was it. Over my objection at that hearing, the judge proceeded without the investigator and entered an order of removal because my request for a continuance was denied. Had the investigator been present, then the respondent would be given a fundamentally fair hearing to contest and confront the allegations that are, in my opinion, uncorroborated. They're unsubstantiated. There's never been a person saying that presented at this point. Did the investigator have a written report? Yes. The investigator presents a report to the DHS. The DHS then relies on that and makes that comment. That report was not presented in trial. I've never seen that report, and there was no officer present to be examined on that. You've never seen a written report? Judge, I have seen a denial based on the investigator's findings of marriage fraud, but I've never examined any of the investigators that led to that conclusion that there was marriage fraud. Therefore, that is the fundamental denial of a hearing that the respondent should have been given. I should say that although a hearsay is admissible in immigration hearings and constitutional due process does not impart upon the administrative body the same safeguards as the requirements of due process would have in a criminal matter, the fairness of hearings in any judicial context was being ignored. In this case, the judge ignored his own demand for fairness when he disregarded his own demand for presentation of a pivotal author of a damning investigation against the petitioner that could lead to an ultimate banishment of the father of a U.S. citizen. The case demands a new hearing for the immigration judge to review, to allow the respondent, I'm sorry, the alien, to examine the investigator's findings and to examine the actual investigator. Judge, I ask for the opportunity to have the case reheard before the immigration judge. Thank you, counsel. Mr. Appellate. May it please the court, good morning. Manuel Palau for the respondent in this case. I hate to start out with a negative, but this court is absolutely barred jurisdictionally from reviewing the agency's denial of discretionary relief such as adjustment of status here. By statute, 8 U.S. Code section 1252A2B1, as this court has held many times, precludes this court's review of the agency's denial of adjustment of status because it's discretionary form of relief and because that's what Congress set forth. And this court very recently, in the cases of Brobleska, Palaska, and Adame, which are cited in our brief, held that very clearly. There are exceptions. The exceptions are the court retains jurisdiction if the petitioner can demonstrate a question of law or a constitutional claim. Apparently he's claiming a constitutional due process violation here. However, that is a problem for this court as well because discretionary relief such as adjustment is not something that he has a protected liberty or property interest in, and this court has also held, and it's well settled, that there is no due process interest in an adjustment of status because, again, it's a discretionary form of relief. Moving on to any concerns the court might have here, assuming a due process interest is available here somehow, the hearing in this case was extremely fair. The alleged investigator was a DHS officer. He was not alleged. As counsel well knows, he was Mr. Ziatkov, applied for adjustment of status based on his marriage to his U.S. citizen wife. He made a formal application to USCIS, that's DHS.  They interviewed him and his wife. They advised him that based on what they had turned up so far, that they were probably going to deny his application, and they gave him an opportunity to respond to the findings they had generated to date. He did respond. The DHS came back and said, your response is not persuasive to us. We find that you've engaged in marriage fraud, and we're going to deny your visa petition of your wife. That was in the earlier phase of this proceeding. Since that petition was denied, he had no chance for relief in the earlier phase, so the immigration judge found him removable, and that was it. He later, within months, filed to reopen his case on a totally different basis, and that was, I have another avenue towards adjustment of status. That's my U.S. citizen adult child, which is fine. And that was submitted to USCIS. They approved her petition, meaning that they found that she was a U.S. citizen and his daughter, period. At that point, the board granted him reopening of his proceeding for a full opportunity to address his equities for adjustment of status, and of course, since he'd been found to have committed marriage fraud and had appealed that and lost to the board previously outside this proceeding, that was the obvious 800-pound gorilla in the room. He had a fresh chance to address whether his marriage to his U.S. citizen wife was fraudulent or not, so he had a second bite at the apple before the immigration judge. The immigration judge took testimony from him, his wife, and also let him put in whatever evidence he wished. In fact, there were three separate hearings before the final hearing here where the immigration judge gave him guidance on the types of evidence he should submit to support his case, and the immigration judge found that he, by and large, did not submit sufficient evidence. And during the questioning at the hearing, he was asked to respond to some of the findings of the DHS officers, so he had a full chance to do that. The situation that counsel refers to about the immigration judge directing the presence of the officers was at the earlier phase of this proceeding where the immigration judge did say to the DHS counsel, I would like to have the two officers present for testimony. At the following hearing, by that time, DHS had denied his wife's visa petition, and he had no basis for relief. At that time, DHS counsel said they're not here because his wife's petition has been denied, so he has no eligibility for adjustment of status. There was no objection to that by counsel at the time, and that's the earlier phase of the proceeding. That was appealed, denied, end of story. The phase that the court is dealing with is the second phase on reopening based on the daughter's visa petition. So the issue, a clear issue in that case, was the negative factor. Because it's a discretionary form of relief, he had to explain to the immigration judge why he should give me this relief, even though I have been found by DHS to have committed marriage fraud. He had every opportunity you could think of to present all the evidence he could. The immigration judge largely cited his testimony, his wife's testimony, to the fact that it was inconsistent and didn't match up as far as the bona fides of their marriage. Most glaringly, his wife testified that they had been separated for two years. Mr. Zyapkov testified they had never been separated, and there were numerous other discrepancies. So based on, in large part, testimony provided at a hearing by the petitioner here and his wife and his documents, the immigration judge decided, as a matter of discretion, that he was not going to allow him to adjust his status through his daughter's petition because his negative equities outweighed his positive equities. So I really don't understand the near obsession that the petitioner has with the fact of the officers not being present. If he wanted to, he had two years to prepare for the hearing. He could have asked the immigration judge to subpoena those two officers and have them present. He did not. So under those circumstances, I do not understand the basis for any due process claimed here, even assuming he had a due process right, which he does not as a matter of law. So I would submit that this Court should dismiss this case for lack of jurisdiction. under the statutory limitation on your jurisdiction, 1252A2B1, and also because the petitioner simply has no due process right that could afford a basis for the Court's jurisdiction here. Thank you, Your Honors. Thank you, Counsel. Thanks to both counsel. The case will be taken under advisement and the Court will be in recess.